**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Antwon M. Baker, Jr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-001531

———————

Appeal From Spartanburg County
Robin B. Stilwell, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-118
Submitted April 1, 2024 – Filed April 17, 2024

———————

**REMANDED**

———————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, and Assistant Attorney General Joshua Abraham Edwards, both of Columbia, for Respondent.

———————

**PER CURIAM:** Antwon M. Baker appeals the post-conviction relief (PCR) court's order denying his application for PCR. On appeal, Baker argues the PCR court erred in failing to find his trial counsel was ineffective for refusing to call

Baker to testify during the hearing on Baker's claim for immunity pursuant to section 16-11-440(C) of the South Carolina Code (2015). Because the PCR court did not make specific findings of fact and conclusions of law on this issue, we remand the matter to the PCR court for a supplemental order addressing the issue. *See* S.C. Code Ann. § 17-27-80 (2014) (stating a PCR court must "make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented"); *Fishburne v. State*, 427 S.C. 505, 512, 832 S.E.2d 584, 587 (2019) ("The PCR court's general denial of all claims not specifically addressed in the PCR court's order 'does not constitute a sufficient ruling on any issues since it does not set forth specific findings of fact and conclusions of law.'" (quoting *Simmons v. State*, 416 S.C. 584, 592, 788 S.E.2d 220, 225 (2016))); *id.* at 517, 832 S.E.2d at 590 (remanding the matter "to the PCR court for the issuance of a supplemental order setting forth findings of fact and conclusions of law on the PCR ground that was not addressed in the original order"); *id.* at 516, 832 S.E.2d at 589 (explaining that "because the United States Constitution's Sixth Amendment guarantee to a defendant's right to effective assistance of counsel is engrained in PCR cases, we cannot continue to permit a party's procedural shortcoming . . . to prevent this Court from remanding claims of ineffective assistance of counsel when the PCR court's order does not comply with section 17-27-80").

**REMANDED.**[1]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.